UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL V. LUJAN,<br><br>   Plaintiff,<br>v.<br><br>SEEGER WEISS LLP, *et al.*,<br><br>   Defendants. | Case No. 3:21-cv-00246-MMD-CLB<br><br>ORDER |

Plaintiff Michael V. Lujan brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation (ECF No. 5 ("R&R" or "Recommendation")) of United States Magistrate Judge Carla L. Baldwin, concerning Lujan's application to proceed *in forma pauperis* (ECF No. 4 ("IFP Application")), his *pro se* civil rights complaint (ECF No. 1-1 ("Complaint")), and his motion for transportation. (ECF No. 1-4.) Lujan filed an objection. (ECF No. 6 ("Objection").)

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation.").

Magistrate Judge Baldwin recommends granting Lujan's IFP Application because Lujan has demonstrated he cannot pay the filing fee. (ECF No. 5 at 2.) The Court agrees.

Magistrate Judge Baldwin recommends dismissal of the Complaint primarily because Lujan asserts section 1983 claims—based on vague and conclusory allegations—against two law firms without alleging how these two private parties acted under color of state law. (*Id.* at 3-4.) Lujan's Objection offers a synopsis of his state law claims based on breach of contract, negligence, and legal malpractice. (ECF No. 6 at 2-5.) He further asserts that Defendants acted under color of state law. (*Id.* at 5.) However, asserting claims for violation of state common laws are not enough to satisfy section 1983's requirement that private actors acted under color of state law in violating Lujan's constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988) (a plaintiff asserting a claim under section 1983 "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). For this reason, the Court agrees with Magistrate Judge Baldwin that dismissal of the Complaint with prejudice is warranted as amendment would be futile.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 5) is accepted and adopted in full.

It is further order that the IFP Application (ECF No. 4) is granted.

It is further ordered that the Clerk of Court file the Complaint. (ECF No. 1-1.)

It is further ordered that the Complaint is dismissed with prejudice.

It is further ordered that the motion for transportation (ECF No. 1-4) is denied as moot.

///

///

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 18th Day of August 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE